Domingo CONTRERAS and Lynn Worly, Plaintiffs,

v.

CONTROL RESOURCES CORPORATION, Hartford Accident & Indemnity Co., Cornelius R. Wilson, Defendants.

No. 85 C 3262.

United States District Court, N.D. Illinois, E.D.

Jan. 8, 1988.

John Carr, Chicago, Ill., for plaintiffs.

Gerald P. Callaghan, Brian W. Blaesser, Simon, Larsen & Purdy, Chicago, Ill., J. Charles Sheerin, F. Joseph Jaskowiak, Hoeppher, Wagner & Evans, Michigan City, Ind., for defendants.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

In this diversity suit, the court has to do something which no court has yet done in a reported case—interpret the enforcement provisions of the Prevailing Wage Act of Illinois, Ill.Rev.Stat. ch. 48, par. 39s–1 to 39s–12. The plaintiffs Domingo Contreras and Lynn Worly, who both did asbestos removal in July of 1984 while employed by the defendant Control Resources Corporation, seek to obtain from Control Resources the difference between what they believe they were entitled to under the Prevailing Wage Act and what Control Resources actually paid them. The purpose of this opinion is to resolve the cross motions for summary judgment presently pending before the court.

Of course a brief sketch of the factual history of the case is necessary.[1] In May of 1984, the school districts of Rochelle, Illinois and Geneva, Illinois separately published their advertisements for contract bids for the removal of asbestos from Rochelle and Geneva schools. Both advertisements contained the following statement labeled "WAGE RULES":

> The general prevailing rate of wages in the locality in which the work is to be performed for each craft or type of workman or mechanic needed to execute the contract will adhere to all Federal Laws and Laws of the State, and to all local ordinances and regulations applicable to the work hereunder, and having force of law.[2]

---

1. Neither the plaintiffs nor the defendants submitted the required statement of material facts as to which there is no genuine issue. *See* N.D.Ill.Gen.R. 12(e). But the parties did make a number of factual statements in their supporting memoranda. The court deems to be admitted all factual statements not expressly controverted by the opposing parties in the memoranda. *See* N.D.Ill.Gen.R. 12(f). The preliminary factual-statement of the court contains only factual statements whose validity has not been expressly disputed.

2. The same engineering outfit, Orput Associates, Inc., published the advertisement for bids for each of the communities. Hence, the identical provision is found in both advertisements.

On May 25, 1984, Control Resources signed a form contract to do the asbestos removal for Rochelle. On June 11, 1984, Control Resources signed the same form-contract to do the work for Geneva. Both contracts, entitled "Standard Form Agreement Between Owner and Contractor," contained an Article 1 which provided as follows:

> The Contract Documents consist of this Agreement, the Conditions of the Contract (General, Supplementary and other Conditions), the Drawings, the Specifications, all Addenda issued prior to and all Modifications issued after execution of this Agreement. These form the Contract, and all are as fully a part of the Contract as if attached to this Agreement or repeated herein. An enumeration of the Contract Documents appears in Article 7.

The Article 7 in both contracts lists the advertisement for bids as one of the enumerated contract-documents.

Worly worked for Control Resources at both the Rochelle and Geneva projects, while Contreras worked only at the Rochelle project. Control Resources paid neither more than six dollars per hour for any regular time worked. Worly and Contreras claim that the prevailing wages in Rochelle and Geneva at the time in question were over thirteen dollars per hour. The main purpose of this suit is for both plaintiffs to get the difference between what they were paid and what they believe they were due under the Prevailing Wage Act.

The stated policy of the Prevailing Wage Act is that "laborers, workers and mechanics employed by or on behalf of any and all public bodies engaged in public works" shall be paid "the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed." Ill.Rev.Stat. ch. 48, par. 39s-1. The statute provides that the public body awarding a contract for public work "shall ascertain the general prevailing rate of hourly wages in the locality in which the work is to be performed" and "specify in the resolution or ordinance and in the call for bids for the contract, that the general prevailing rate of wages in the locality ...

shall be paid...." *Id.* par. 39s-4. The statute further states the following:

> The public body awarding the contract shall cause to be inserted in the contract a stipulation to the effect that no less than the prevailing rate of wages as found by the public body or Department of Labor or determined by the court on review shall be paid to all laborers, workers and mechanics performing work under the contract. It shall also require in all such contractor's bonds that the contractor include such provision as will guarantee the faithful performance of such prevailing wage clause as provided by contract.

*Ibid.*

The statute also specifies the manner in which its provisions are to be enforced. In addition to criminal prosecution and suits by the state for injunctive relief, *id.* par. 39s-6 & 39s-11, the Prevailing Wage Act also creates a right of action for the "laborer, worker or mechanic employed by the contractor." *Id.* par. 39s-11. Specifically, that employee has a "right of action for whatever difference there may be between the amount so paid and the rates provided by the contract." *Ibid.*

Having set the stage for the parties' arguments, the court turns to the pending motions.

## I

### Defendants' Motion for Summary Judgment

Control Resources makes two arguments in support of the defendants' motion for summary judgment. First, Control Resources maintains that the two contracts contain no provision mandating payment of the prevailing wage and that therefore, because the Prevailing Wage Act limits the plaintiffs to a contractual remedy, the plaintiffs were entitled to no more than what they were paid. Second, Control Resources argues that even if the contracts did contain a provision calling for payment of the prevailing wage the court should still grant the defendants' motion because the contracts do not specify what those

prevailing wages are for workers in the position the plaintiffs were in.

■ The court rejects the defendants' first argument because the court finds that the two contracts, by incorporating the advertisements for bids in the contracts' provisions, unambiguously call for the prevailing rate of wages to be paid to the employees of Control Resources who work on the asbestos-removal projects.[3] *See, e.g., Air Line Stewards and Stewardesses Ass'n v. American Airlines, Inc.,* 763 F.2d 875, 878 (7th Cir.1985) (where a contract is unambiguous, the court must declare the contract's meaning as a matter of law), *cert. denied,* 474 U.S. 109, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986). The court also rejects Control Resources' second argument. The Prevailing Wage Act only mandates that the contract specify that the "general prevailing rate of wages ... shall be paid." Ill.Rev.Stat. ch. 38, par. 39s–4. The Act does *not* require that the specific amount of the prevailing wage be included in the contract; instead, it merely calls on the public body itself or the Department of Labor to "ascertain" the amount. *Ibid.* If a contract contains a general prevailing-wage provision and the prevailing wage has been determined by either the public body or the Department of Labor, the contractor is bound to pay the contractor's relevant employees that specified wage.

## II

*Plaintiffs' Motion for Summary Judgment*

■ The plaintiffs' motion for summary judgment also fails because of their failure to authenticate Exhibits H and H(1) to their memorandum in support of their motion. Because those documents have not been authenticated by and attached to an affidavit that meets the requirements of Federal

Rule 56(c), the court cannot consider them. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2722, at 59–60 (1983). As a result, the court cannot determine what the prevailing wage was for asbestos removal at the time in question.[4]

## CONCLUSION

The court denies both the plaintiffs' motion and the defendants' motion for summary judgment.

---

3. Even though the provision entitled "WAGE RULES" is poorly drafted, the court concludes that the clear intent of the provision was to incorporate the prevailing-wage rule as required by the relevant portion of the Prevailing Wage Act, Ill.Rev.Stat. ch. 38, par. 39s–4.

4. According to Ill.Rev.Stat. ch. 48, par. 39s–4, Rochelle and Geneva had to ascertain the pre-

vailing wage. The Department of Labor ascertains the prevailing wage only if asked to do so by the public bodies. Ill.Rev.Stat. ch. 48, par. 39s–4. Because the parties have not discussed the issue, the court expresses no opinion on what the law is when neither the public body nor the Department of Labor decides the prevailing wage for a position.